### TANENBAUM v. ROSENTHAL et al.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

1. INSURANCE—BROKERS.

A contract between insurance brokers and property owners, by which the brokers are authorized and agree, as agents of the owners, to procure and pay premiums for all fire insurance required by them for a fixed time at a fixed rate, and containing provisions as to the property, the companies in which the insurance is to be obtained, and as to increase of hazards in certain cases, but providing that "nothing in this contract contained shall be held or construed to constitute" the brokers "as insurers or underwriters," is not a contract of insurance, and is valid.

2. SAME.

Laws 1892, c. 641, § 1, making it unlawful "for any fire insurance company, or for any officer, manager, agent or other representative of any such company, to include in the sum charged or designated in any policy, as the consideration for insurance, any fee, compensation, charge or perquisite whatsoever," does not apply to insurance brokers acting merely as agents for the insured.

3. SAME.

The authority to procure insurance under a contract authorizing a firm of insurance brokers to procure insurance for another firm owning property, and providing that any change in the membership of the firms, or either of them, should "not in any wise release either of said firms or any of the present members" therefrom, is not terminated by the retirement of one of the brokers from the firm.

Appeal from special term, New York county.

Action by Moses Tanenbaum against Harry Rosenthal and others. From an interlocutory judgment sustaining a demurrer to the answer, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Moses H. Grossman, for appellants.
Benno Loewy, for respondent.

RUMSEY, J. This action was brought to recover the sum of $176.18 for insurance claimed to have been procured by the plaintiff for the defendants pursuant to a contract made between the firm of I. Tanenbaum, Son & Co. and the defendants. The contract was annexed to and made a part of the complaint. The answer contained four "separate and distinct defenses," to each of which a demurrer was interposed upon the ground that it was not sufficient in law to constitute a defense, and the whole answer was also demurred to on the same ground. The proposition which lies at the basis of the answer, and upon which its sufficiency depends,

is that the firm of I. Tanenbaum, Son & Co., the predecessors of the plaintiff, had entered into a contract with the defendants by which they became liable as insurers. Starting with that proposition, the defendants claim that the contract is void, because it is not in the form required by law for a contract of insurance; that the firm of I. Tanenbaum, Son & Co. were not authorized to enter into contracts of insurance; that they have charged as a consideration of the contracts an amount in addition to the premiums for procuring the policies. The third defense is based upon another theory, which will be considered later.

The sufficiency of the first, second, and fourth defenses depends entirely upon the construction of the contract between I. Tanenbaum, Son & Co. and the defendants. If by that contract I. Tanenbaum, Son & Co. did not become liable as insurers of the property of the defendants, these three separate defenses are clearly insufficient. By the contract the firm of I. Tanenbaum, Son & Co. is authorized and agrees, as agent of the defendants, and for their account, to procure and pay premiums for all fire insurance required by the defendants for a certain time, and at a certain fixed rate. The contract contains various provisions as to the property which is to be insured, the companies in which the insurance is to be obtained, the price to be paid to I. Tanenbaum, Son & Co. for obtaining it, and other provisions based upon the possible increase of hazards in certain cases. It then contains this provision:

"It is specifically understood and agreed by said parties of the second part [the defendants here] that nothing in this contract contained shall be held or construed to constitute the parties of the first part insurers or underwriters, or to impose any liability upon them as such; nor shall said parties of the first part be held liable for damages in any manner for failure or neglect to procure any insurance which may be required by said parties of the second part under this agreement, except as provided in articles fourth and fifth of this agreement."

It needs no discussion to establish the proposition that, when the parties said that the contract was not to be construed to constitute I. Tanenbaum, Son & Co. insurers, or to impose any liability upon them as such, it had that effect; and, whatever else may have been the liability of I. Tanenbaum, Son & Co., they were not insurers. For this reason the first, second, and fourth defenses of this answer are clearly insufficient.

The third defense alleged substantially that the sums agreed upon in the contract to be paid by the defendants to I. Tanenbaum, Son & Co. as premiums upon policies procured by them are larger than the premiums charged by the several companies which issued the policies described in the complaint, and that the charges made between I. Tanenbaum, Son & Co. and the defendants are unlawful, and cannot be recovered. By this defense the defendants seek to bring the case within section 1, c. 641, Laws 1892, by which it is enacted:

"It shall not be lawful hereafter for any fire insurance company, or for any officer, manager, agent or other representative of any such company, to include in the sum charged or designated in any policy, as the consideration for insurance, any fee, compensation, charge or perquisite whatsoever."

This section, by its terms, is limited to "officers, managers, agents, or other representatives" of the fire insurance company issuing the policy. It is quite clear that neither I. Tanenbaum, Son & Co. nor the plaintiff occupy any such relation to the company. In obtaining this insurance they dealt with each company who issued the policy at arm's length. Whether they made the contract as agents of the defendants or as independent dealers with the company it is not material here to consider. The material fact is that they made the contract with the company from which they procured it. That being so, they are clearly not within the condemnation of this section of the statute. It is equally clear, too, that in whatever they did in respect to this insurance I. Tanenbaum, Son & Co. acted as agents of the defendants. They are so named in the contract. None of the provisions of the contract indicate that they hold any other relation with the defendants than that which, in the contract, they say they hold. It is true, a large discretion is given them, but there is nothing in that necessarily inconsistent with the agency.

The defendants insist, also, that the complaint is defective, and for that reason that the demurrer should have been overruled. Undoubtedly they are at liberty, upon the hearing of this demurrer, to attack the complaint. It is equally clear that this attack cannot be successful. It seems that one Bear was a member of the firm of I. Tanenbaum, Son & Co. at the time this contract was made; that, after the making of the contract, he retired from the firm, and assigned all his interest to the plaintiff. The defendants claim that, because Bear had left the firm, the contract was at an end, for the reason that the services to be rendered by I. Tanenbaum, Son & Co. were personal in their nature, and the right to render them could not be assigned. The answer to that proposition is found in the contract itself, by which it is provided that "any change in the names or membership of the firms, or either of them, shall not in any wise release either of said firms or any of the present members thereof" from the agreement.

For this reason we think the demurrer was well taken, and the judgment should be affirmed, with costs, with leave to the defendants to serve an amended answer upon payment of costs in the court below and this court. All concur.