## TANENBAUM v. GREENWALD et al.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. INSURANCE—CONTRACT TO PROCURE—PARTIES—ASSIGNMENT.
   Where a contract to procure insurance provides that all the terms and conditions shall be binding on all the legal representatives, successors, and assigns of all the parties, one who occupies such relationships to the agent to procure may enforce the contract.
2. SAME—BREACH—DAMAGES.
   Where one who has contracted to procure insurance obtains and tenders the policies, which are refused, he may recover the difference between what he had to pay and what defendant agreed to pay; and evidence that the rate subsequently increased is immaterial.
3. SAME.
   Where defendant refused to receive policies of insurance which plaintiff had contracted to furnish, evidence of the expense to defendant of maintaining an automatic sprinkler and of causing it to be regularly inspected, had the insurance been perfected, is not admissible in reduction of plaintiff's damages, when by the contract defendant agreed to keep such sprinkler in repair, and the plaintiff, though paying the costs of one month's inspection, was not in fact liable therefor.

Appeal from trial term, New York county.

Action by Moses Tanenbaum against Henry D. Greenwald and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Harold Nathan, for appellants.

Ernest Hall, for respondent.

O'BRIEN, J. The suit was brought to recover damages for the breach of a contract made between the defendants and the plaintiff's assignor, the firm of I. Tanenbaum Son & Co., by which the latter, as their agent and for their account, was to procure and pay premiums for all fire insurance required by them,—not less, however, than $25,000 per year,—for the period from November 8, 1894, to May 1, 1900, upon the property contained in the premises No. 1554 Third avenue. The firm of which the plaintiff was a member and the plaintiff performed the contract, and early in November, 1898, procured

and paid for insurance to take the place of policies then expiring. On the 11th of November the defendants wrote to the plaintiff not to renew the policies in question; but he, having procured the policies, sent them to defendants, who returned them. Upon the theory, therefore, that the contract was broken by the defendants, the plaintiff claimed as damages the difference between the contract price and the price at which he had actually procured the insurance. At the ·close of the testimony the court directed a verdict for the plaintiff for the amount claimed, and from the judgment entered thereon the defendants appeal.

The plaintiff, besides being the assignee of the contract, made between the defendants and the firm of I. Tanenbaum Son & Co., is also the successor of that firm; it having been dissolved in May, 1898, at which time the contract in suit, together with all the other contracts of the firm, were assigned to him. The defendants, although admitting the breach of the contract, denied in the trial court the plaintiff's right to the resulting damage upon many grounds, of which only those relied upon in this court for the reversal of the judgment need be considered.

The first of these is that the contract upon which the suit was brought is personal in its nature, and not assignable. No such defense was pleaded; but, if it could be properly considered, we think it is disposed of both by the provisions of the contract and by a former decision of this court. The contract provides:

"It is understood and agreed that all of the terms, conditions, and covenants in this agreement shall be and are binding upon all the legal representatives, successors, and assigns of all the parties hereto."

As this plaintiff occupies all three of the positions named, we think he has the right to enforce the contract. Furthermore, upon a provision almost identical, this court decided, in Tanenbaum v. Rosenthal, 44 App. Div. 431, 60 N. Y. Supp. 1092, that the rights under the ·contract were assignable. That case, also, is authority for the proposition that the contract in question is lawful and enforceable in its nature.

Upon the subject of damages it is insisted that the court erred in excluding evidence relating to the probable profits of the plaintiff which tended to show an increase in the market rates of insurance. By such evidence the defendants sought to establish that in March, 1899, more than four months after the plaintiff had procured and delivered the policies, there was a combination of a large number of fire insurance companies of the state of New York which increased the rates which thereafter the plaintiff would be obliged to pay to procure the policies. That this evidence was speculative and immaterial appears from the fact that the plaintiff had already bought and delivered the insurance under the contract for the entire term, and, there having been a breach, no rates subsequently made by insurance companies could alter the rights of the parties since they had become fixed.

Similarly it is claimed that the court erred in excluding evidence bearing upon the probable profits of the plaintiff, by reason of the ·expense of maintaining an automatic sprinkler on the premises and

of providing for monthly inspection thereof. Here again the defense was not pleaded; but, assuming that it was competent to give the evidence to show a reduction of plaintiff's damages, we think it answered by the contract itself, which, although it stipulated that the plaintiff might make changes, alterations, and repairs in the sprinkler system, and to that end might enter upon the premises, imposed upon the defendants the obligation of keeping the sprinkler equipment in repair. And in regard to the inspection fees, although it appears that the first payments were made by the plaintiff, these, so far as the contract shows, were voluntary; there being no provision therein which imposed an obligation upon the plaintiff to pay them.

There are minor questions suggested which we do not think it necessary to discuss, having, after an examination of the record, reached the conclusion that the learned trial judge was right in directing a verdict for the damages as proved.

The judgment and order appealed from should accordingly be affirmed, with costs. All concur.