Moses TANENBAUM, Respondent, v. HENRY D. GREENWALD and SIGISMUND D. GREENWALD, Appellants.

*Employment of a firm to effect insurance — when a contract therefor is enforcible by an assignee and successor of the firm — evidence as to an increase in the insurance rates.*

A contract by which a firm, one of the parties thereto, is employed to secure policies of fire insurance for the other party thereto, and which provides, " It is understood and agreed that all of the terms, conditions and covenants in this agreement shall be and are binding upon all the legal representatives, successors and assigns of all the parties hereto," is assignable by the firm, and a person who claims both as assignee of the contract and as the successor of the firm may maintain an action to recover damages for the breach thereof by the other party thereto.

Where the alleged breach consists in the refusal to take and pay for policies of fire insurance, which the assignee of the firm has procured to take the place of existing policies, evidence offered by the defendant, that more than four months after such assignee had procured and delivered the policies the insurance rates were increased by a large number of fire insurance companies, is not admissible.

APPEAL by the defendants, Henry D. Greenwald and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April, 1901, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 3d day of April, 1901, denying the defendants' motion for a new trial made upon the minutes.

*Harold Nathan*, for the appellants.

*Ernest Hall*, for the respondent.

O'BRIEN, J. :

The suit was brought to recover damages for the breach of a contract made between the defendants and the plaintiff's assignor, the firm of I. Tanenbaum, Son & Co., by which the latter as their agent and for their account was to procure and pay premiums for all fire insurance required by them — not less, however, than $25,000 per year — for the period from November 8, 1894, to May 1, 1900, upon the property contained in the premises No. 1554 Third avenue.

The firm of which the plaintiff was a member and the plaintiff performed the contract, and early in November, 1898, procured and paid for insurance to take the place of policies then expiring. On the eleventh of November the defendants wrote to the plaintiff not to renew the policies in question, but he having procured the policies, sent them to defendants who returned them.

Upon the theory, therefore, that the contract was broken by the defendants, the plaintiff claimed as damages the difference between the contract price and the price at which he had actually procured the insurance. At the close of the testimony the court directed a verdict for the plaintiff for the amount claimed, and from the judgment entered thereon the defendants appeal.

The plaintiff, besides being the assignee of the contract made between the defendants and the firm of I. Tanenbaum, Son & Co., is also the successor of that firm, it having been dissolved in May, 1898, at which time the contract in suit, together with all the other contracts of the firm were assigned to him. The defendants, although admitting the breach of the contract, denied in the trial court the plaintiff's right to the resulting damage upon many grounds, of which only those relied upon in this court for the reversal of the judgment need be considered.

The first of these is that the contract upon which the suit was brought is personal in its nature and not assignable. No such defense was pleaded; but if it could be properly considered, we think it is disposed of both by the provisions of the contract and by a former decision of this court. The contract provides: "It is understood and agreed that all of the terms, conditions and covenants in this agreement shall be and are binding upon all the legal representatives, successors and assigns of all the parties hereto." As this plaintiff occupies all three of the positions named, we think he has the right to enforce the contract. Furthermore, upon a provision almost identical, this court decided in *Tanenbaum* v. *Rosenthal* (44 App. Div. 431) that the rights under the contract were assignable. That case also is authority for the proposition that the contract in question is lawful and enforcible in its nature.

Upon the subject of damages it is insisted that the court erred in excluding evidence, relating to the probable profits of the plaintiff, which tended to show an increase in the market rates of insurance.

By such evidence the defendants sought to establish that in March, 1899, more than four months after the plaintiff had procured and delivered the policies, there was a combination of a large number of fire insurance companies of the State of New York which increased the rates which thereafter the plaintiff would be obliged to pay to procure the policies. That this evidence was speculative and immaterial appears from the fact that the plaintiff had already bought and delivered the insurance under the contract for the entire term, and there having been a breach, no rates subsequently made by insurance companies could alter the rights of the parties since they had become fixed.

Similarly it is claimed that the court erred in excluding evidence bearing upon the probable profits of the plaintiff by reason of the expense of maintaining an automatic sprinkler on the premises and of providing for monthly inspection thereof. Here again the defense was not pleaded; but assuming that it was competent to give the evidence to show a reduction of plaintiff's damage, we think it answered by the contract itself which, although it stipulated that the plaintiff might make changes, alterations and repairs in the sprinkler system and to that end might enter upon the premises, imposed upon the defendants the obligation of keeping the sprinkler equipment in repair. And in regard to the inspection fees, although it appears that the first payments were made by the plaintiff, these, so far as the contract shows, were voluntary, there being no provision therein which imposed an obligation upon the plaintiff to pay them.

There are minor questions suggested which we do not think it necessary to discuss, having, after an examination of the record, reached the conclusion that the learned trial judge was right in directing a verdict for the damages as proved.

The judgment and order appealed from should accordingly be affirmed, with costs.

Van Brunt, P. J., Patterson, McLaughlin and Laughlin, JJ., concurred.

Judgment and order affirmed, with costs.